1  TAMARA BEATTY PETERSON, ESQ., Bar No. 5218
   tpeterson@petersonbaker.com
2  NIKKI L. BAKER, ESQ., Bar No. 6562
   nbaker@petersonbaker.com
3  BENJAMIN K. REITZ, ESQ., Bar No. 13233
   breitz@petersonbaker.com
4  PETERSON BAKER, PLLC
   10001 Park Run Drive
5  Las Vegas, NV 89145
   Telephone:  702.786.1001
6  Facsimile:  702.786.1002

7  *Attorneys for Defendants Cambrex Charles City, Inc. and
   Cambrex North Brunswick, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| H&H PHARMACEUTICALS, LLC, a Nevada limited liability company,<br><br>  Plaintiff,<br>v.<br><br>CAMBREX CHARLES CITY, INC. AND/OR CAMBREX NORTH BRUNSWICK, INC.; DOES I through X; and ROE CORPORATIONS XI through XX, inclusive,<br><br>  Defendants. | Case No.: 2:16-cv-02946-RFB-VCF<br><br>**STIPULATION AND ORDER TO AMEND CONFIDENTIALITY AND PROTECTIVE ORDER [ECF NO. 21]** |

Defendants Cambrex Charles City, Inc., and Cambrex North Brunswick, Inc., (collectively, "Cambrex"), by and through its counsel of record, Peterson Baker, PLLC, and Plaintiff H&H Pharmaceuticals, LLC ("H&H"), by and through its counsel of record, Maier Gutierrez & Associates, hereby stipulate and agree, subject to this Court's approval, that the Confidentiality and Protective Order [ECF No. 21] dated August 30, 2017, be amended to permit the parties to produce to each other confidential, proprietary, and trade secret information (the "HIGHLY CONFIDENTIAL INFORMATION") under a heightened confidentiality standard that restricts access to the produced information to outside attorneys and outside experts, and prohibits the employees, officers, or owners of Cambrex and H&H from viewing the opposing party's HIGHLY CONFIDENTIAL INFORMATION.  The parties stipulate and agree as follows:

1.      On September 10, 2018, H&H served interrogatories and requests for production of documents on Cambrex (the "H&H Discovery Requests").

2.      On October 16, 2018, and beyond, the parties met and conferred regarding Cambrex's objections to the H&H Discovery Requests. Cambrex has identified specific concerns regarding the disclosure of confidential, proprietary and trade secret information ("HIGHLY CONFIDENTIAL INFORMATION") to the employees, officers, and/or owners of H&H, a potential competitor. *See*, *e.g.*, *Phillips v. General Motors Corp.*, 307 F. 3d 1206, 1211 (9th Cir. 2003); *Am. Heavy Moving & Rigging Co. v. Robb Techs., L.L.C.*, No. 2:04CV00933-JCM(GWF), 2006 WL 2085407, at *3 (D. Nev. July 25, 2006); *Advanced Semiconductor Prods., Inc. v. Tau Laboratories, Inc.,* 3 Fed.R.Serv.3d 1389, 229 U.S.P.Q. 222, 224 (N.D. Cal. 1986); *Everco Indus. v. O.E.M. Prods. Co.,* 362 F. Supp. 204, 206, 179 U.S.P.Q. 834, 835 (N.D. Ill. 1973).

3.      Cambrex has identified further concerns about disclosing this HIGHLY CONFIDENTIAL INFORMATION to H&H in light of the questionable admissibility of this information at trial pursuant to NRS 49.325. *See also* FRE 501.

4.      Cambrex desires to comply with the H&H Discovery Requests. Given the very sensitive nature of the HIGHLY CONFIDENTIAL INFORMATION, Cambrex desires, and H&H does not object, to produce the information under an amended protective order which restricts access to the HIGHLY CONFIDENTIAL INFORMATION to H&H's outside attorneys and experts in this case, and further prohibits H&H's employees, officers, agents and/or owners from viewing or otherwise accessing the HIGHLY CONFIDENTIAL INFORMATION.

5.      By producing in discovery HIGHLY CONFIDENTIAL INFORMATION, the parties do not waive any privilege created by NRS 49.325, and do not waive any arguments as to the admissibility of any material so designated.

6.      The HIGHLY CONFIDENTIAL INFORMATION shall not be used at any deposition, or otherwise disclosed to any persons, other than those permitted by this stipulation and order, except as permitted by further order of the Court.

…

…

PETERSON BAKER, PLLC
10001 Park Run Drive
Las Vegas, NV 89145
702.786.1001

WHEREFORE, the parties respectfully request that this Court enter an Order amending the Confidentiality and Protective Order [ECF No. 21], to include the following provisions:

    a.    The term "HIGHLY CONFIDENTIAL INFORMATION" is Confidential Information or Items (as defined in ECF No. 21) to which access is restricted to Outside Counsel (as defined in ECF No. 21) and Experts (as defined in ECF No. 21), provided that such Expert is not a current employee of a direct competitor of a party named in this action, and provided that such Expert has complied with Section VI(2)(c) of the Confidentiality and Protective Order [ECF No. 21];

    b.    The employees, officers, agents and/or owners of each party are not permitted to view the opposing party's HIGHLY CONFIDENTIAL INFORMATION.

    c.    The term "Protected Material" is revised to include any HIGHLY CONFIDENTIAL INFORMATION.

    d.    The protection conferred by this Amended Confidentiality and Protective Order covers not only Protected Material, but also any information copied or extracted therefrom, as well as all copies excerpts, summaries, or compilations thereof, testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal Protected Material.

    e.    To designate HIGHLY CONFIDENTIAL INFORMATION in documentary form, including in written responses to discovery requests, the Producing Party shall affix the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY" on each page that contains the HIGHLY CONFIDENTIAL INFORMATION.

    f.    Where the terms of this Amended Confidentiality and Protective Order conflict with the original Confidentiality and Protective Order [ECF No. 21], this Amended Confidentiality and Protective Order shall apply.

…

…

Dated this 31st day of October, 2018.

| PETERSON BAKER, PLLC | MAIER GUTIERREZ & ASSOCIATES |
|---|---|
| By: /s/ Tamara Beatty Peterson<br>TAMARA BEATTY PETERSON, ESQ.<br>Nevada Bar No. 5218<br>tpeterson@petersonbaker.com<br>NIKKI L. BAKER, ESQ.<br>Nevada Bar No. 6562<br>nbaker@petersonbaker.com<br>BENJAMIN K. REITZ, ESQ.,<br>Nevada Bar No. 13233<br>breitz@petersonbaker.com<br>10001 Park Run Drive<br>Las Vegas, NV 89145<br>Telephone: 702.786.1001<br>Facsimile: 702.786.1002<br><br>*Attorneys for Defendants Cambrex Charles City, Inc. and Cambrex North Brunswick, Inc.* | By: /s/ Stephen G. Clough<br>JOSEPH A. GUTIERREZ, ESQ.<br>Nevada Bar No. 9046<br>jag@mgalaw.com<br>STEPHEN G. CLOUGH, ESQ.<br>Nevada Bar No. 10549<br>sgc@mgalaw.com<br>8816 Spanish Ridge Avenue<br>Las Vegas, Nevada 89148<br>Telephone: 702.629.7900<br>Facsimile: 702.629.7925<br><br>*Attorneys for Plaintiff H&H Pharmaceuticals, LLC* |

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
Dated: 11-1-2018